UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 2:18-cr-44-FtM-99MRM

MARIE ANTOINETTE EDWARDS
_____/

**ORDER**[1]

Before the Court is Defendant Marie Antoinette Edwards' Motion to Determine Competency and for a Hearing (Doc. 41) and the Government's response (Doc. 45). This case is set for the November 2018 trial term.

Edwards moves the Court to decide her competency under 18 U.S.C. § 4241(a). She was examined last month for her competency and overall psychological functioning. (Doc. 41 at ¶ 6). Because the evaluation found her not competent to proceed to trial, Edwards argues there is reasonable cause to believe that she suffers from a mental disease or defect that renders her incompetent to proceed to trial. (Doc. 41 at ¶¶ 7-8).

The Government does not contest Edwards' representation that the evaluation found her to be incompetent. (Doc. 45 at 1). It does, however, requests that she be further evaluated under 18 U.S.C. § 4241(b), in consideration of the provisions of section 4247(b) and (c). The Government also wants the United States Marshals Service to transport Edwards to a federal facility with the capability of conducting such an evaluation.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Only after the evaluation, does the Government ask the Court to consider whether there is reasonable cause to believe that Edwards may be suffering from a mental disease or defect rendering her mentally incompetent to proceed.

Section 4141(b) governs psychiatric or psychological evaluations and reports. It says, "[p]rior to the date of the [competency] hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4241(b). Pertinent here, a court may commit a defendant to the Attorney General's custody to be placed in a suitable facility in order for the defendant to be examined for a period that does not exceed thirty days. *Id.* at § 4247(b). Here, based on the parties' arguments and applicable law, the Court finds that Edwards needs an additional examination to decide if she is suffering from a mental disease or defect to render her incompetent to proceed to trial. The Court thus orders Edwards to undergo an additional psychiatric or psychological report and that a written report be filed.

Accordingly, it is now **ORDERED:**

(1) The Government's request for Defendant Marie Antoinette Edwards to be evaluated under 18 U.S.C. § 4241(b), in consideration of the provisions of section 4247(b) and (c) is **GRANTED**.

(2) Edwards is **DIRECTED** to be evaluated under § 4241(b), in consideration of the provisions of section 4247(b) and (c).

(3) The United States Marshals Service is **DIRECTED** to transport Edwards to a federal facility with the capability of conducting such an evaluation.

(4) Edwards shall be examined for a reasonable period of time, not to exceed thirty days.  See 18 U.S.C. § 4247(b).

(5) A psychiatric or psychological report must be prepared, pursuant to the provisions of section 4247(b) and (c), and filed with the Court **under seal** within **fourteen (14) days** from the completion of the examination.  A copy of the report must be provided to counsel.

(6) The psychiatric or psychological report must include the following information:

   a. Edward's history and present symptoms;

   b. a description of the psychiatric, psychological, and medical tests that were employed and their results;

   c. the examiner's findings; and

   d. the examiner's opinions as to diagnosis, prognosis, and whether Edwards is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

(7) The Department of Justice is responsible for payment of the services, if any, rendered in accordance with this Order.

(8) The Court **RESERVES** ruling on Defendant Marie Antoinette Edwards' Motion to Determine Competency and for a Hearing (Doc. 41) until after completion of Edwards' additional evaluation.

**DONE AND ORDERED** in Fort Myers, Florida on this 23rd day of August 2018.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:    Counsel of Record
           United States Marshals Service