UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                             CASE NO: 2:18-cr-44-FtM-99MRM

MARIE ANTOINETTE EDWARDS
_____/

**<u>ORDER</u>**[1]

This cause is before the Court following a status conference held on January 28, 2019. (Doc. 67). Currently upon review by the Court is Defendant Marie Antoinette Edwards' sealed competency report by Forensic Unit Psychologist, Ryan Nybo ("Nybo"), of the Federal Bureau of Prisons filed on December 19, 2019 (the "Nybo report"). (Doc. 57). Because the facts leading up to the Nybo report are pertinent, the Court outlines them here.

On August 10, 2018, Edwards moved the Court to determine her competency based upon a finding by Drs. Hyman Eisenstein and Esther L. Selevan that she lacked competency to proceed to trial. (Doc. 41). The government did not contest Edwards' representation that the evaluation found her to be incompetent but requested she submit to further evaluation. (Doc. 45). The Court granted the government's request and ordered Edwards to be evaluated under 18 U.S.C. § 4241(b) and in consideration of 18 U.S.C. § 4247(b) and (c). (Doc. 46). For reasons unknown to the Court, Edwards was committed

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

for evaluation at the Federal Detention Center in SeaTac, Washington on October 18, 2018. (Docs. 50; 52). After the Court granted the facility warden's requests for additional time to conduct an evaluation, the Nybo report was issued on December 13, 2018. (Docs. 50; 51; 52; 53). The report, however, failed to make a final determination as to Edwards' competency for trial. (Doc. 57 at 10). Instead, Nybo found (a) Edwards held a below average ability to understand the nature and consequences of the legal proceedings against her; (2) there was evidence of malingering; and (3) based on discrepant and conflicting information, he could not provide an opinion as to her competency. (Doc. 57 at 13). As a result, Nybo recommended Edwards be committed to a Federal Medical Center for further evaluation and competency restoration procedures. (*Id.*).

On December 19, 2018, the Court entered an endorsed order directing the parties to advise the Court, jointly or separately, on their position as to Nybo's recommendation that Edwards be further evaluated for competency. (Doc. 58). Thereafter, on January 7, 2019, the United States informed the Court that it neither objected to the proposed course of action, nor to the Court acting pursuant to 18 U.S.C. § 4241. (Doc. 61). After the Court granted Edwards' unopposed motion for an extension, Edwards responded to this Court's endorsed order on January 17, 2019. (Docs. 62; 63; 64). Edwards objects to the extent the Court construes the Nybo report as a request for additional time to make a competency determination. (Doc. 64 at 4). Rather, she urges the Court to proceed with the information before it and find her incompetent. (*Id.* at 4-5).

The parties again responded to the Nybo report at today's status conference. (Doc. 67). Defense counsel urged the Court to either (1) make a finding of incompetency and then submit Edwards to restoration proceedings or (2) conduct a competency

determination hearing. The government maintained that, before the Court can make a competency determination, it must submit Edwards for a second evaluation and then, upon receiving the evaluation report, conduct a competency hearing. As the Court stated on the record, the Court agrees with the government. (*Id.*).

18 U.S.C. § 4241(b) governs psychiatric or psychological evaluations and reports. The statute says, "prior to the date of the [competency] hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4241(b). Indeed, a court may commit a defendant to the Attorney General's custody to be placed in a suitable facility in order for the defendant to be examined for a period that does not exceed thirty days. 18 U.S.C. § 4247(b). Crucial here, there is persuasive case law, which holds a court may order a second competency evaluation where, as is the case here, the conclusion of the first competency evaluation was equivocal. See *United States v. Martinez-Hano*, 645 F.3d 1228, 1233 (10th Cir. 2011). Because the Nybo report failed to make a determination as to Edwards' competency, it is ambiguous and fails to provide sufficient information for this Court. Therefore, based on the equivocal Nybo report, the parties' arguments, and persuasive authority, the Court finds that Edwards needs an additional evaluation to determine if she is suffering from a mental disease or defect to render her incompetent to stand trial. The Court thus orders Edwards to undergo an additional psychiatric or psychological evaluation and that a written report be filed.

Accordingly, it is now

**ORDERED:**

1. Defendant Marie Antoinette Edwards is **DIRECTED** to be evaluated under 18 U.S.C. § 4241(b), in consideration of the provisions of 18 U.S.C. § 4247(b).

2. The United States Marshals Service is **DIRECTED** to transport Edwards to a federal facility capable of such an evaluation. Unless impracticable, the examination shall be conducted in a facility closest to the Court. *See* 18 U.S.C. § 4247(b).

3. Edwards shall be examined for a reasonable period of time, not to exceed thirty (30) days. *See* 18 U.S.C. § 4247(b).

4. A psychiatric or psychological report must be prepared, pursuant to the provisions of 18 U.S.C. § 4247(b) and (c) and filed with the Court **under seal** within **fourteen (14) days** from the completion of the examination. A copy of the report must be provided to counsel.

5. The psychiatric or psychological report must include the following information:

    a. Edward's history and present symptoms;

    b. a description of the psychiatric, psychological, and medical tests that were employed and their results;

    c. the examiner's findings; and

    d. the examiner's opinions as to the diagnosis, prognosis, and whether Edwards is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand

the nature and consequences of the proceedings against her or to assist properly in her defense.

6. The Department of Justice is responsible for payment of the services, if any, rendered in accordance with this Order.

7. The Court **RESERVES** ruling on Defendant Marie Antoinette Edwards' Motion to Determine Competency and for a Hearing (Doc. 41) until after completion of Edwards' additional evaluation.

8. Additionally, the Court determines that the time from today until the end of the delay resulting from these competency proceedings shall be "excludable time" pursuant to 18 U.S.C. § 3161(h).

**DONE AND ORDERED** at Fort Myers, Florida, this January 28, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record